IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES ANASTOS,

    Plaintiff,

               v.

IKEA PROPERTY, INC.; IKEA NORTH
AMERICAN SERVICES, LLC; and IKEA
SERVICES, AB,

    Defendants.

Civil Action No.
1:19-cv-03702-SDG

**ORDER**

This matter is before the Court on Plaintiff James Anastos's motion for a default judgment against Defendants IKEA Property, Inc. (IKEA Property) and IKEA North American Services, LLC (IKEA North American) [ECF 8] and motion to drop Defendant IKEA Services, AB (IKEA AB) as a named Defendant [ECF 14]. For the following reasons, Anastos's motion to drop IKEA AB is **GRANTED** and motion for a default judgment against IKEA Property and IKEA North American is **DENIED WITHOUT PREJUDICE**.

## I.   BACKGROUND

Anastos filed his Complaint on August 16, 2019, asserting three claims against all Defendants.[1] In Count I, Anastos asserts a claim for the breach of a fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA).[2] In Count II, Anastos claims Defendants unlawfully denied him benefits under ERISA.[3] Count III asserts a claim for state law promissory estoppel.[4] Generally, Anastos—a former employee for IKEA's Atlanta, Georgia location— alleges Defendants violated ERISA by denying him continuing life insurance benefits after his voluntary retirement on May 3, 2018.[5]

On August 22, 2019, the Clerk issued two summonses for IKEA Property and IKEA North American.[6] On September 19, 2019, Anastos filed two proofs of service, demonstrating he served IKEA Property and IKEA North American on

---

[1]   ECF 1.

[2]   *Id*. at 15.

[3]   *Id*. at 15–16.

[4]   *Id*. at 16.

[5]   *See generally id*.

[6]   ECF 4.

August 26, 2019 through their registered agent.[7] Anastos did not file a proof of service as to IKEA AB.

To date, no Defendant has filed an answer or otherwise responded to the allegations in Anastos's Complaint. On September 21, 2019, Anastos filed a motion for default judgment against IKEA Property and IKEA North American.[8] Subsequently, on February 5, 2020, Anastos filed a motion to drop IKEA AB as a named Defendant.[9]

## II.   DISCUSSION

The Court first addresses Anastos's motion to drop IKEA AB as a named Defendant. In relevant part, Federal Rule of Civil Procedure 21 states: "On motion or on its own, the court may at any time, on just terms, add or drop a party." The "district court generally has discretion to determine whether to allow dropping of parties." *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985). Here, the Complaint alleges that IKEA AB is a Swedish corporation that conducts business in Georgia through its wholly owned subsidiaries, which are

---

[7]   ECF 6; ECF 7.

[8]   ECF 8.

[9]   ECF 14.

named Defendants in this action.[10] Anastos alleges no specific actions on the part of IKEA AB; rather, it is merely lumped in with the other two IKEA entities. To date, IKEA AB has not been served or otherwise appeared in this action. The Court finds that IKEA AB is not an indispensable party in this action and should be dropped as a named Defendant. Anastos's motion to drop IKEA AB [ECF 14] is therefore **GRANTED**.

Next, Anastos has requested a default judgment against IKEA Property and IKEA North American. Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011). First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. *See also Frazier*, 767 F. Supp. 2d at 1360 n.1 ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment.").

Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2). A default entered pursuant

---

[10]   ECF 1, ¶ 5.

to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)) (additional citations omitted). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of a default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, when considering a motion for the entry of default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). This standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Hi-Tech Pharm., Inc. v. Wyant*, No. 1:16-cv-0639-AT, 2016 WL 11611842, at *1 (N.D. Ga. Sept. 1, 2016). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Beringer*, 2011 WL 3444347, at *2 (citing *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)).

To date, Anastos has not filed a motion for the Clerk's entry of default against either defendant. This is not a mere persnickety technicality; the law is clear that "the clerk's entry of default must precede an application for default judgment." *Frazier*, 767 F. Supp. 2d at 1360. *See also Am. Deli Int'l, Inc. v. Jay & Young Grp., LLC*, No. 1:13-cv-02302-SCJ, 2014 WL 12098959, at *6 (N.D. Ga. Apr. 24, 2014) (dismissing plaintiffs' motion for default judgment because plaintiffs "have not requested a clerk's entry of default pursuant to Rule 55(a), and no such default has been entered on the docket."); *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08-cv-498-MCR-EMT, 2010 WL 1792094, at *7 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 3:08-cv-498-MCR-EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010) ("The law is clear that these two separate steps cannot be combined into one."); *Travelers Cas. & Sur. Co. of Am. v. E. Beach Dev., LLC*, No. CIV.A. 07-0347-WS-B, 2007 WL 4097440, at *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment."); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (dismissing plaintiff's motion for default judgment as "premature" because plaintiff had "not requested a clerk's entry of default pursuant to Rule 55(a), and no such default has been entered on the docket").

Since Anastos has not filed a motion requesting such relief from the Clerk, his motion for default judgment [ECF 8] is premature and **DENIED WITHOUT PREJUDICE**. Assuming Anastos files this motion with the Clerk—and obtains his requested relief—Anastos may then refile this motion for a default judgment. Until then the Court takes no position as to the merits of the motion for default judgment.

## III.   CONCLUSION

Anastos's motion to drop IKEA AB as a named Defendant [ECF 14] is **GRANTED** and motion for a default judgment against IKEA Property and IKEA North American is **DENIED WITHOUT PREJUDICE.** The Clerk is **DIRECTED** to mail a copy of this Order to IKEA Property, Inc. and IKEA North American Services, LLC, c/o CT Corporation System, 289 Culver Street, Lawrenceville, GA 30046-4805.

**SO ORDERED** this the 28th day of July 2020.

Steven D. Grimberg
United States District Court Judge